ELIJAH LEAR, &c. *v.* MIKE RAY, &c.

**Principal and Surety—Assignment to Surety of Debt Paid.**

> The assignment by a judgment creditor of the debt to a surety paying same, does not preclude the surety from prosecuting an action thereon, on the ground that he cannot be the assignee of a debt against himself, and a payment of the judgment by the surety extinguished the debt. Sec. 8, ch. 97, Rev. St. 2, vol. 398.

**Same—Co-Surety in Supersedeas—Right to Contribution.**

> A surety in a suppersedeas bond, to stay execution on a judgment against a principal and sureties on a note, who had taken indemnity from the principal, is held to have executed the supersedeas as the principal above, and could not, by paying the debt, acquire any right of remuneration from the original sureties.

**Same—Rights of Original Sureties—Liability of Sureties in Supersereas Bond.**

> A supersedeas bond for a principal debtor was executed, thereby causing delay in the collection of the debt. Pending the action, the debtor disposed of his property, and the original sureties on the note were compelled to pay the debt. Held, that the sureties in the supersedeas bond were liable to the original sureties for the total amount of the debt paid by them.

APPEAL FROM GARRARD CIRCUIT COURT.

October 1, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

In October, 1867, W. M. Totten, with appellees as his sureties, executed a note to W. M. Kirby for $3,000, due one day after date. After it matured, Kirby brought suit on the note in the Garrard circuit court. Totten alone attempted to defend the action, filed an answer and moved to continue the cause; but his motion was overruled, and judgment rendered against all the defendants for the debt. Totten, it seems, then had sufficient estate to satisfy the judgment, but he prosecuted an appeal to this court, and superseded the judgment by executing bond with appellants as his sureties. The judgment was affirmed, the mandate of this court entered, and an execution issued against Totten and appellees to enforce the collection of the debt; and it is

alleged that Totten had in the meantime disposed of the greater part, or perhaps all, of his estate; that he had mortgaged a valuable tract of land to appellants (who were his brothers-in-law) when they executed the supersedeas bond aforesaid as his sureties, to indemnify them, and that if they had not by the execution of said bond prevented an eecution from issuing on said judgment, the debt would have been made out of the estate of the principal, and that after the affirmance of the judgment the debt could not be made out of Totton's estate by reason of the encumbrance of their mortgage on his land, which, as is alleged, was taken with the fraudulent design to cover up and protect the land from levy and sale, and to compel appellees to pay the debt, or the unpaid balance of $2,278.28, it having been reduced to that sum by a sale of Totten's property. That they had been compelled to pay said sum of $2,278.28 to the creditor Kirby, which they did on the 24th of May, 1869, and took an assignment from him of so much of the judgment, which assignment they exhibit, and by the suit seek to compel appellants to refund to them said sum with its interest, etc.

After their demurrer to the petition was overruled, Logan & Lear filed an answer, making it a cross-petition against Totten, etc. In which they deny in general terms any knowledge of the value of the goods withdrawn by Totten on the dissolution of the late mercantile firm of which he was a partner, and allege that said firm was largely indebted to Totten. They deny that they combined with Totten to hinder or delay the collection of the judgment in favor of Kirby, further than the execution of the supersedeas bond might stay the proceedings, and allege that they believed when said bond was executed, that they were to be bound for all of the defendants in said judgment. Who they believed were good for the debt, but out of abundant caution took a mortgage on the land mentioned from Totten, to secure them, and have never refused to release it; admit that the debt can not be made out of Totten's property without a sale of the land, and allege that to have made the money out of his estate before the appeal was prosecuted, his land must have been sold.

They admit that they executed the supersedeas bond, but deny that they did it with any fraudulent design to aid him in the removal of his property from the reach of his creditors; and deny that they are responsible to appellees for what they have paid to

Kirby on said judgment; but aver that in order that a multiplicity of suits may be avoided, and that justice may be done, they pray for a settlement of the accounts of Totten with his late partners in the mercantile firm, and that their mortgage may be foreclosed, and to that end make their answer a cross-petition against Totten and his wife, who, they allege, set up some sort of claim to the land.

Although a demurrer was filed to the answer by appellants, the same does not appear to have been disposed of. And so much of the case as involves the question of the responsibility of appellants to appellee was heard on the merits which was decided by the court below in favor of appellees, and of that judgment appellants now complain.

The first objection made to the judgment is that appellees can not maintain this suit on the assignment of the creditor, because they can not be the assignees of a debt against themselves, and that the payment by them of the exact amount due to Kirby extinguished the debt.

The answer to that argument is that Kirby by his assignment did precisely what the law required him to do; they were, as is admitted, the sureties of Totten on the debt to him. By section 8, chapter 97, Revised Statutes, 2nd volume, it is provided that where the surety pays the whole or part of a judgment or decree, he shall have a right to an assignment thereof from the plaintiff, or the plaintiff's attorney, etc., whereby he acquires a right to sue out an execution, or use any legal or equitable remedies that the creditor could have used, or resorted to, in order to have satisfaction of the debt.

And this is also an answer to the second objection of appellants to the judgment.

But the real controversy in this case is whether appellees, whose obligation as sureties was coeval with the debt itself, having paid the debt, can compel appellants, who came in as sureties for the principal debtor in the supersedeas bond, executed after the judgment and incidental to the prosecution of the legal remedy by the creditor to subject his property to the payment of his debt.

It is evident not only from the obligation which appellants took upon themselves, but from the mortgage also, that they executed the bond as the surety of Totten alone, trusting to him and his property for their indemnity, and they could not by paying the

debt acquire any right to remuneration from the original sureties for whom they had incurred no liability.

When appellants executed the bond the principal debtor had sufficient property. unincumbered to satisfy the debt; by that act they produced the delay, and procured the incumberance on his property, whereby the sureties in the original obligation were compelled to pay the creditor; and it seems to us equitable, just, and consistent with authority, that appellants should be made responsible to appellees for the amount they have paid to Kirby. Patterson v. Pope, 5 Dana, 241; Bohannon v. Combs, 12 B. M., 563; Kouns v. Bank of Ky., 2 B. M., 203.

Nor do we perceive any error in the refusal of the court below to submit the case to a jury; the suit was brought in equity, and while the court might refer an issue of fact to a jury out of chancery, it is discretionary with him to do so, and if he refuses, it is not an available error for which this court will reverse.

Judgment affirmed.

*Anderson, Burton, for appellants.*
*Owsley & Burdett, for appellees.*